IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DALLAS BUYERS CLUB, LLC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-3393 |
| | § | |
| JASON RIPPLE f/k/a DOE 1 and | § | |
| DOES 1–19, | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING AND DENYING MOTIONS TO QUASH

The plaintiff, Dallas Buyers Club, LLC, filed this lawsuit against 19 John Doe defendants, alleging that the Doe defendants illegally accessed and distributed a copyrighted motion picture, *The Dallas Buyers Club*, using an internet peer-to-peer file-sharing program called BitTorrent. (Docket Entry No. 1). Dallas Buyers Club filed a motion to take expedited discovery to gain information about the Doe defendants. (Docket Entry No. 4). Dallas Buyers Club sought to subpoena their names and physical addresses from their Internet Service Providers ("ISPs"). The court found good cause and granted the motion on December 8, 2014. (Docket Entry No. 6); *see also UMG Recording, Inc. v. Doe*, 2008 WL 4104214, *4 (N.D. Cal. 2008); *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008). Dallas Buyers Club subsequently issued Rule 45 subpoenas on Comcast and CenturyLink, the Doe defendants' ISPs. Two of the IP-address holders identified in Exhibit B to the complaint have moved to quash the subpoenas. (Docket Entry Nos. 7, 8).

Based on the motions, this court's previous order, the amended complaint, and the relevant law, this court: (1) grants Doe # 1's motion to quash to the extent that the Dallas Buyers Club still seeks information about her; and grants the motion to the extent that it seeks information about the

party now named who has the same IP address formerly attributed to Doe # 1, because the plaintiff now has his identifying information; and (2) denies Pacheco's motion to quash. The reasons are set out below.

### I. Doe # 1's Motion to Quash (Docket Entry No. 7)

On February 25, 2015, counsel for an individual claiming to be an account holder filed a motion in this court challenging the subpoena to her ISP. (Docket Entry No. 7). The movant filed under the name Doe # 1, the defendant with the first IP address (50.162.16.80) listed in Exhibit B to the complaint. (*See* Docket Entry No. 1-2). Doe # 1 sought to quash the subpoena on the basis that it was her roommate and boyfriend, Jason Ripple, who downloaded the film, not the person identified as Doe # 1. (Docket Entry No. 7, at 1; *see also id.*, Ex. A). Doe #1 provided a declaration stating that she does "not own a computer" and that Jason Ripple, her "boyfriend and roommate," "informed and admitted to [her] that he downloaded a copy of *Dallas Buyers Club* on his computer." (Docket Entry No. 7, Ex. A, ¶ 3). She states that she "did not download the movie." (*Id.*).

On March 17, 2015, Dallas Buyers Club filed an amended complaint naming Jason Ripple in place of Doe # 1. (Docket Entry No. 9). Because the Doe # 1 movant is no longer named as a defendant in the amended complaint, and because the plaintiff knows who the "Doe # 1" is, the motion to quash is granted.

### II. Rebecca Pacheco's Motion to Quash (Docket Entry No. 8)

On March 4, 2015, Rebecca Pacheco moved to quash the subpoena requiring Comcast to release the identifying information for Doe # 2. Dallas Buyers Club identifies Doe # 2 as holding the second IP address (98.197.55.111) listed in Exhibit B to its complaint. (Docket Entry No. 8). Pacheco argues that the subpoena violates Rule 45 because it does not allow reasonable time to

comply, requires a non-party to travel more than 100 miles, requires disclosing privileged or protected material, and subjects her to an undue burden. (*Id.* ¶ 5). She also argues that the subpoena requires disclosure of electronically stored information not reasonably accessible because of undue burden or cost. (*Id.* ¶ 6).

Rule 45(d)(3)(A) provides that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

> (i) fails to allow a reasonable time to comply;
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv) subjects a person to undue burden.

FED. R. CIV. P. 45(d)(3)(A).

Pacheco recites these factors but does not explain how the subpoena implicates any of them. She does not explain why the subpoena, directed at Comcast, fails to allow a reasonable time to comply. The subpoena seeks information from Comcast about her. It does not require her to travel and does not require her to spend money or other resources to comply. Pacheco's objection appears to be focused on the disclosure of her identity, but she has identified herself in filing this motion and does not explain why Comcast should be prevented from revealing her identity and address to Dallas Buyers Club. Pacheco's motion has not established that any of the four Rule 45(d)(3)(A) factors require this court to quash or modify the subpoena.

Pacheco also argues that Rule 45(e)(1)(D), which governs discovery of electronically stored information, gives this court discretion to quash or modify the subpoena. A person responding to a subpoena for electronically stored information "need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue

burden or cost." FED. R. CIV. P. 45(e)(1)(D). The responding party bears the burden of showing "that the information is not reasonably accessible because of undue burden or cost." *Id.* Even "[i]f that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause." *Id.* Pacheco's motion fails to explain why the subpoena, which is directed at Comcast, requires production of electronically stored information that is not reasonably accessible because of undue burden or cost.

Pacheco's motion to quash, (Docket Entry No. 8), is denied.

## II.     Conclusion

Doe # 1's motion to quash, (Docket Entry No. 7), is granted. Rebecca Pacheco's motion to quash as to the IP address listed for Doe # 2 in Exhibit B to the complaint, (Docket Entry No. 8), is denied.

SIGNED on March 23, 2015, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge